UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY SPRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06CV239 RWS |
| ) | |
| JANSSEN PHARMACEUTICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Terry Springer's Motion to Remand [#20]. The motion will be granted.

This case involves the prescription drug Risperdal. Springer has brought suit against the drug companies responsible for making and distributing Risperdal as well as the doctor who prescribed it. Springer contends that the drug company Defendants unlawfully marked Risperdal to physicians for off-label usage, and that Risperdal causes diabetes and/or insulin-related disorders. Springer claims that the prescribing physician was deceived by the drug company Defendants to believe that Risperdal was safe, when in fact it was not. Springer additionally claims that the prescribing physician negligently failed to monitor Springer as recommended by Risperdal as required by the standard of care.

The drug company Defendants claim that the prescribing physician was fraudulently joined for the purpose of defeating diversity jurisdiction. Springer maintains that there is a valid cause of action against the prescribing physician.

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indemnity Corp.,

280 F.3d 868, 871 (8th Cir. 2002). In this case, Springer has stated a cause of action for negligence against the prescribing physician which has a reasonable basis in fact and law. As a result, I find that Defendants have failed to establish fraudulent joinder, and I will remand the case.

Accordingly,

**IT IS HEREBY ORDERED** that Springer's Motion to Remand [#20] is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 20th day of April, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE